IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| United States of America, *ex rel.* Willie Cooley and Frank Rawlinson, | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No.: 2:17-0276-RMG |
| v. | ) ) ) | **ORDER AND OPINION** |
| Carolina Wrecking, Inc., Charles Dowey, individually, and Fencon, Inc., | ) ) ) | |
| Defendants. | ) ) ) | |

Before the Court are Defendant Fencon, Inc.'s motion to dismiss the First Amended Complaint (Dkt. No. 43) and Plaintiff-Relators' conditional motion to amend the First Amended Complaint (Dkt. No. 47). For the reasons set forth below, Fencon, Inc.'s motion to dismiss is granted in part and denied in part and Plaintiff-Relators' motion to amend is granted.

I. **Background**

Willie Cooley and Frank Rawlinson ("Plaintiff-Relators") are former employees—a tractor-trailer driver and equipment operator, respectively—of Defendant Carolina Wrecking, Inc. ("Carolina Wrecking"), a demolition contractor. Plaintiff-Relators bring this *qui tam* action pursuant to the False Claims Act ("FCA"), 31 U.S.C. § 3729 *et seq.*, alleging that contractor Fencon, Inc. ("Fencon"), subcontractor Carolina Wrecking, and Carolina Wrecking's majority owner, Charles Dowey, defrauded the United States government by failing to pay employees the "prevailing wages" mandated by the McNamara-O'Hara Service Contract Act, 41 U.S.C. §§ 351-358 ("SCA") and/or the Davis-Bacon Act, 40 U.S.C. § 3141 *et seq.*, but nonetheless

submitting statements that sought payment and certified statutory compliance. (Dkt. No. 17 ¶¶ 5-7.) Plaintiff-Relators specifically worked pursuant to an approximately five-year contract issued on or about August 18, 2010 by the U.S. government to Defendant Fencon, Inc. for demolition and construction work at the Joint Base Charleston. (*Id.* ¶¶ 19-20.) In September 2011, the agreement was modified with an amendment to "Incorporate the new Wage Determination 2005-2473, Rev. (06/13/2011)" (the "Contract"). (*Id.* ¶ 28.) Wage Determination 2005-2473, Rev. (06/13/2011) is issued by the Department of Labor to set the minimum allowable hourly rate per employee classification pursuant to the SCA. (*Id.* ¶ 29.)

## II. Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." A motion to dismiss tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses. . . . Our inquiry then is limited to whether the allegations constitute a short and plain statement of the claim showing that the pleader is entitled to relief." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (internal quotation marks and citation omitted). On a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Although the Court must accept the facts in a light most favorable to the Plaintiff, the Court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.* Generally, to survive a motion to dismiss, the complaint must provide enough facts to "'state a claim to relief that is plausible on

its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also* Fed. R. Civ. Pro. 8(a)(2).

Claims "under the FCA must also meet the more stringent particularity requirement of Federal Rule of Civil Procedure 9(b)." *McLain v. KBR, Inc.*, 612 Fed. Appx. 187, 187-88 (Mem) (4th Cir. 2015). Rule 9(b) particularity requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). The FCA "attaches liability, not to the underlying fraudulent activity or to the government's wrongful payment, but to the 'claim for payment.'" *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 785 (4th Cir. 1999). Meaning, "to trigger liability under the Act, a claim actually must have been submitted to the federal government for reimbursement, resulting in a call upon the government fisc." *United States ex rel. Nathan v. Takeda Pharms. N. A., Inc.*, 707 F.3d 451, 454 (4th Cir. 2013) (internal quotation marks omitted); *see also Harrison*, 176 F.3d at 785 ("A false statement is actionable under the Act only if it constitutes a false or fraudulent claim."). Accordingly, a "court should hesitate to dismiss a complaint under Rule 9(b) if the court is satisfied (1) that the defendant has been made aware of the particular circumstances for which she will have to prepare a defense at trial, and (2) that plaintiff has substantial pre-discovery evidence of those facts." *Harrison*, 176 F.3d at 784.

**III. Discussion**

**A. First Cause of Action for Presentation of False Claims**

To state a cause of action under 31 U.S.C. § 3729(a)(1)(A), Plaintiff-Relators must allege that Fencon "knowingly present[ed], or cause[d] to be presented, a false or fraudulent claim for

3

payment or approval." 31 U.S.C. § 3729(a)(1)(A). Courts construe the phrase "false or fraudulent claim . . . broadly to reach all types of fraud, without qualification, which might result in financial loss to the Government." *United States v. Triple Canopy, Inc.*, 775 F.3d 628, 634 (4th Cir. 2015) (internal citations and quotation marks omitted). A "presentment claim arises when a claim for payment that is submitted to the government rests on a false representation of compliance with an applicable federal statute, federal regulation, or contractual term." *United States ex rel. Tran v. Computer Scis. Corp.*, 53 F. Supp. 3d 104, 122 (D.S.C. 2014) (internal quotation marks omitted); *accord Triple Canopy, Inc.*, 775 F.3d at 634-35 (adopting implied certification).

"[T]here are two ways to adequately plead presentment under Rule 9(b)." *United States ex rel. Grant v. United Airlines Inc.*, 2018 WL 6786134, at *3 (4th Cir. Dec. 26, 2018). First, a plaintiff can "allege with particularity that specific false claims actually were presented to the government for payment." *Id.* This requires the plaintiff to "at a minimum, describe the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentations and what he obtained thereby." *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 379 (4th Cir. 2008). These facts are also referred to as the "who, what, when, where, and how of the alleged fraud." *Id.* This demands "some indicia of reliability" to "support the allegation that an actual false claim was presented to the government." *United States ex rel. Nathan*, 707 F.3d at 455 (internal quotation marks omitted). "Alternatively, a plaintiff can allege a pattern of conduct that would '*necessarily* have led[] to submission of false claims' to the government for payment." *United States ex rel. Grant*, 2018 WL 6786134, at *3. The complaint must provide "at least some explanation of the billing

4

structure," including where the defendant is alleged to have contracted directly with the Government. *Id.* at *4.

Here, Plaintiff-Relators appear to proceed by the first method—alleging that Fencon actually presented false claims to the Government—and these allegations are sufficient under the Rule 9(b) standard. The First Amended Complaint alleges that Fencon was the primary contractor (Dkt. No. 17 ¶ 25), provides invoices and records of payment relating to Fencon's work as the contractor (Dkt. No. 17-16) as well as Cooley and Rawlinson's pay stubs from Carolina Wrecking (Dkt. No. 17-6, No. 17-7, No. 17-15), and allege that as a general rule "the prime contractor must submit weekly payroll certifications to the federal government" (*Id.* ¶ 48) and that Carolina Wrecking "and/or" Fencon paid Cooley and Rawlinson less than the prevailing wage (*Id.* ¶¶ 38-40, 62). These allegations and documents sufficiently "connect the dots" to payment by the Government to its primary contractor, Fencon. *United States ex rel. Grant*, 2018 WL 6786134, at *5 ("Rule 9(b)'s heightened pleading standard requires that plaintiffs connect the dots, even if unsupported by precise documentation, between the alleged false claims and government payment."); *see also United States ex rel. Lockhart v. Gen. Dynamics Corp.*, 529 F. Supp. 2d 1335, 1336 (N.D. Fl. 2007) (presentment requirement satisfied where defendant contracted directly with the Government and relator had first-hand knowledge that certifications were false). Moreover, "[n]either the FCA nor Rule 9(b) require the identification of individuals within a defendant corporation." *United States v. Berkeley Heartlab, Inc.*, 225 F. Supp. 3d 487, 500 (D.S.C. 2016) (citing *Cook Cnty, Ill v. United States ex rel. Chandler*, 538 U.S. 119, 125 (2003)). Taken together, and with the facts alleged considered in a light most favorable to Plaintiff-Relators, these allegations and documents support "the plausible inference that false

5

claims were presented to the government" by Fencon. *United States ex rel. Nathan*, 707 F.3d at 457. The Court is, therefore, satisfied that these allegations and documents put Fencon on notice of its alleged misconduct and support that this is a sufficiently substantiated claim. *United States ex rel. Grant*, 2018 WL 6786134, at *3 (noting Rule 9(b)'s purpose in the FCA context "of providing defendants notice of their alleged misconduct, preventing frivolous suits, and eliminating fraud actions in which all the facts are learned after discovery").

Fencon's motion to dismiss the first cause of action for presentation of false claims is denied.

**B.    Second Cause of Action for Material False Statements**

To state a cause of action under 31 U.S.C. § 3729(a)(1)(B), Plaintiff-Relators must allege that Fencon "knowingly ma[de], use[d], or cause[d] to be made or used, a false record or statement material to a false or fraudulent claim." 31 U.S.C. § 3729(a)(1)(B). A document that contains an implied certification is "false." *See United States v. Triple Canopy, Inc.*, 775 F.3d 628, 635 (4th Cir. 2015); *United States ex rel. Hood v. Satory Global, Inc.*, 946 F. Supp. 2d 69, 85 (D.S.C. 2013). A claim for material false statements requires creating "the plausible inference that false claims were presented to the government." *Nathan*, 707 F.3d at 457.

Here, as discussed, the First Amended Complaint alleges that Fencon was the primary contractor on the Contract; that Fencon and/or Carolina Wrecking paid the Relators and others less than the prevailing wage; that Defendants-although, most specifically, Carolina Wrecking and its owner and named employees-made wage certifications to the Government that they knew were false; and that the primary contractor must submit weekly payroll certifications. Plaintiff-Relators also submit pay stubs from Carolina Wrecking reflecting a less than prevailing wage.

Taken in a light most favorable to Plaintiff-Relators, these allegations and documents are sufficient to "connect the dots" that as the primary contractor directly contracted with the Government, Fencon submitted or caused to be submitted employee payment records that certified employees were paid a prevailing wage when they were not.

Fencon's motion to dismiss the second cause of action for material false statements is denied.

## C. Third Cause of Action for Conspiracy to Defraud the United States

To state a cause of action under 31 U.S.C. § 3729(a)(1)(C), Plaintiff-Relators must plead that Fencon "conspire[d] to commit a violation of [§§ 3729(a)(1)(A) or (B)]" with Defendants. 31 U.S.C. § 3729(a)(1)(C). Plaintiff-Relators "must allege with particularity facts (1) to support the formation of an unlawful agreement between the conspirators to get a false claim paid, and (2) at least one overt act in furtherance of the conspiracy." *United States ex rel. Ahumada v. Nat'l Ctr. for Emp't of the Disabled*, No. 1:06-cv-713, 2013 WL 2322836, at *4 (E.D. Va. May 22, 2013), *aff'd sub nom. United States ex rel. Ahumada v. NISH*, 756 F.3d 268 (4th Cir. 2014). Moreover,

> [I]t is not enough for a plaintiff to show that the alleged conspirators agreed upon a fraud scheme that had the effect of causing a private entity to make payments using money obtained from the Government. Instead, it must be shown that the conspirators intended 'to defraud the Government.' Where the conduct that the conspirators are alleged to have agreed upon involving the making of a false record or statement, it must be shown that the conspirators had the purpose of 'getting' the false record or statement to bring about the Government's payment of a false or fraudulent claim. It is not necessary to show that the conspirators intended the false record or statement to be presented directly to the Government, but it must be established that they agreed that the false record or statement would have a material effect on the Government's decision to pay the false or fraudulent claim.

*Allison Engine Co. v. United States ex rel. Sanders*, 553 U.S. 662, 672-73 (2008) (quoting 31 U.S.C. § 3729(a)(3) (2006)).

The First Amended Complaint contains no allegation of an agreement between Fencon and other Defendants to have a false or fraudulent claim reimbursed by the Government, nor a shared specific intent to defraud the Government, nor that Fencon knowingly joined any conspiracy. *See, e.g., Berkeley Heartlab, Inc.*, 225 F. Supp. 3d at 502 (conspiracy sufficiently alleged where complaint specified the date of a specific agreement among defendants that caused false claims to be presented to the Government). Therefore, Fencon's motion to dismiss the third cause of action for conspiracy to defraud the United States is granted.

Plaintiff-Relators move the Court for leave to amend the First Amended Complaint should the Court "determine that the Complaint has defects warranting dismissal." (Dkt. No. 47 at 1.) At this stage in the litigation, a "party may amend its pleadings only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).[1] The "district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." *Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 602-03 (4th Cir. 2010). If the proposed amendment "would fail to withstand a motion to dismiss, it is futile." *Woods v. Boeing Co.*, 841 F. Supp. 2d 925, 930 (D.S.C. 2012). "Motions to amend are committed to the discretion of the trial court." *Keller v. Prince George's County*, 923 F.2d 30, 33 (4th Cir. 1991). The "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Laber v. Harvey*, 438 F.3d 404, 426

---

[1] Fencon opposed Plaintiff-Relators' motion to amend on the basis that no proposed amendments were submitted. (Dkt. No. 50.) Plaintiff-Relators then supplied the proposed second amended complaint (Dkt. No. 60) in response to the Court's Order (Dkt. No. 59).

(4th Cir. 2006) (en banc) (noting that Rule 15(a)(2) is a "liberal rule [that] gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities").

Plaintiff-Relators' motion to amend the third cause of action for conspiracy to defraud the United States as to Fencon is granted.

**D.    Fourth and Alternative Cause of Action for "QuantumMeruit/Unjust Enrichment"**

Plaintiff-Relators also bring a fourth and alternative cause of action for "quantum meruit/unjust enrichment." A claim for unjust enrichment "may be maintained as a general rule whenever the defendant has money in his hands which belongs to the plaintiff, and which in equity and good conscience he ought to pay to the plaintiff." *Maisha v. Univ. of N.C.*, 641 Fed. Appx. 246, 251-52 (4th Cir. 2016) (internal quotation marks and citations omitted); *see also Provident Life & Acc. Ins. Co. v. Waller*, 906 F.2d 985, 993 (4th Cir. 1990) ("[T]hree elements encompass the equitable remedy of unjust enrichment and quasi-contract: the plaintiff must show that (1) he had a reasonable expectation of payment, (2) the defendant should reasonably have expected to pay, *or* (3) society's reasonable expectations of person and property would be defeated by nonpayment."). The First Amended Complaint alleges that "Plaintiff conferred a benefit upon Defendants by providing payment on federal projects of at least $111,590.55 to Defendants." (Dkt. No. 17 ¶¶ 79-81.) Fencon is alleged to be the primary contractor (Dkt. No. 17 ¶ 25) in contract with the Government, and an action in quantum meruit cannot be sustained where there is an express contract covering the issue of compensation. *See Swanson v. Stratos*, 350 S.C. 116, 120 (S.C. App. Ct. 2002). Fencon's motion to dismiss the fourth and alternative

9

cause of action for "quantum meruit/unjust enrichment" under the Rule 8 pleading standard is granted.

Plaintiff-Relators' motion to amend the fourth and alternative cause of action for "quantum meruit/unjust enrichment" as to Fencon is granted.

**IV. Conclusion**

For the foregoing reasons, Defendant Fencon, Inc.'s motion to dismiss (Dkt. No. 43) is **GRANTED IN PART** and **DENIED IN PART**. The First Amended Complaint's third cause of action for conspiracy to defraud the United States, and fourth and alternative cause of action for "quantum meruit/unjust enrichment," are dismissed as to Defendant Fencon. The first cause of action for presentation of false claims, and second cause of action for making or using a false record or statement, are not dismissed as to Fencon. Plaintiff-Relators' conditional motion to amend the First Amended Complaint (Dkt. No. 47) is **GRANTED** to re-plead the third cause of action for conspiracy to defraud the United States as to Fencon, and the fourth and alternative cause of action for "quantum meruit/unjust enrichment" as to Fencon.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

January _16_, 2019
Charleston, South Carolina