| | |
|---|---|
| United States of America, *ex rel.* Willie Cooley and Frank Rawlinson, ) ) ) | |
| Plaintiffs, ) | Civil Action No.: 2:17-0276-RMG |
| ) v. ) ) | **ORDER AND OPINION** |
| Carolina Wrecking, Inc., Charles Dowey, ) individually, and Fencon, Inc., ) ) | |
| Defendants. ) | |

Before the Court is Defendant Fencon, Inc.'s motion to dismiss the third and fourth

causes of action alleged in the Second Amended Complaint. (Dkt. No. 64.) For the reasons set

forth below, Fencon, Inc.'s motion to dismiss is granted in part and denied in part.

## I.   Background

Willie Cooley and Frank Rawlinson ("Plaintiff-Relators") are former employees—a

tractor-trailer driver and equipment operator, respectively—of Defendant Carolina Wrecking,

Inc. ("Carolina Wrecking"), a demolition contractor. Plaintiff-Relators bring this *qui tam* action

pursuant to the False Claims Act ("FCA"), 31 U.S.C. § 3729 *et seq.*, alleging that contractor

Fencon, Inc. ("Fencon"), subcontractor Carolina Wrecking, and Carolina Wrecking's majority

owner, Charles Dowey, defrauded the United States government (the "Government") by failing

to pay employees the "prevailing wages" mandated by the McNamara-O'Hara Service Contract

Act, 41 U.S.C. §§ 351-358 ("SCA") and/or the Davis-Bacon Act, 40 U.S.C. § 3141 *et seq.*, but

nonetheless submitting statements that sought payment and certified statutory compliance. (Dkt.

No. 62 ¶¶ 5-7.) Plaintiff-Relators worked pursuant to an approximately five-year contract issued on or about August 18, 2010 by the Government to Fencon for demolition and construction work at the Joint Base Charleston. (*Id.* ¶¶ 19-20.) In September 2011, the agreement was modified with an amendment to "Incorporate the new Wage Determination 2005-2473, Rev. (06/13/2011)" (the "Contract"). (*Id.* ¶ 28.) Wage Determination 2005-2473, Rev. (06/13/2011) is issued by the Department of Labor to set the minimum allowable hourly rate per employee classification pursuant to the SCA. (*Id.* ¶ 29.)

Fencon previously moved to dismiss all four causes of action in the First Amended Complaint (Dkt. No. 43), which Plaintiff-Relators moved to amend (Dkt. No. 47). The Court granted in part and denied in part Fencon's motion to dismiss. (Dkt. No. 61.) As to the first cause of action for presentation of false claims and the second cause of action for material false statements, the Court denied Fencon's motion to dismiss. As to the third cause of action for conspiracy to defraud the United States and fourth and alternative cause of action for "QuantumMeruit/Unjust Enrichment," the Court granted Fencon's motion to dismiss and Plaintiff-Relators' motion to amend.[1] Plaintiff-Relators filed the Second Amended Complaint, and Fencon now moves to dismiss the third and fourth causes of action alleged therein.

## II.    **Legal Standard**

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." A motion to dismiss tests

---

[1] Federal Rule of Civil Procedure 15(a)(2) provides that the "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Accordingly, Rule 15(a)(2) is a "liberal rule [that] gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc).

the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses. . . . Our inquiry then is limited to whether the allegations constitute a short and plain statement of the claim showing that the pleader is entitled to relief." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (internal quotation marks and citation omitted). On a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Although the Court must accept the facts in a light most favorable to the Plaintiff-Relators, the Court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.* Generally, to survive a motion to dismiss, the complaint must provide enough facts to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also* Fed. R. Civ. Pro. 8(a)(2).

Claims brought "under the FCA must also meet the more stringent particularity requirement of Federal Rule of Civil Procedure 9(b)." *McLain v. KBR, Inc.*, 612 Fed. Appx. 187, 187-88 (Mem) (4th Cir. 2015). Rule 9(b) particularity requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). The FCA "attaches liability, not to the underlying fraudulent activity or to the government's wrongful payment, but to the 'claim for payment.'" *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 785 (4th Cir. 1999). Meaning, "to trigger liability under the Act, a claim actually must have been submitted to the federal government for reimbursement,

3

resulting in a call upon the government fisc." *United States ex rel. Nathan v. Takeda Pharms. N. A., Inc.*, 707 F.3d 451, 454 (4th Cir. 2013) (internal quotation marks omitted); *see also Harrison*, 176 F.3d at 785 ("A false statement is actionable under the Act only if it constitutes a false or fraudulent claim."). Accordingly, a "court should hesitate to dismiss a complaint under Rule 9(b) if the court is satisfied (1) that the defendant has been made aware of the particular circumstances for which she will have to prepare a defense at trial, and (2) that plaintiff has substantial pre-discovery evidence of those facts." *Harrison*, 176 F.3d at 784.

## III.  Discussion

### A.  Third Cause of Action for Conspiracy to Defraud the United States

To state a cause of action under 31 U.S.C. § 3729(a)(1)(C), Plaintiff-Relators must plead that Fencon "conspire[d] to commit a violation of [§§ 3729(a)(1)(A) or (B)]" with Defendants. 31 U.S.C. § 3729(a)(1)(C). Plaintiff-Relators "must allege with particularity facts (1) to support the formation of an unlawful agreement between the conspirators to get a false claim paid, and (2) at least one overt act in furtherance of the conspiracy." *United States ex rel. Ahumada v. Nat'l Ctr. for Emp't of the Disabled*, No. 1:06-cv-713, 2013 WL 2322836, at \*4 (E.D. Va. May 22, 2013), *aff'd sub nom. United States ex rel. Ahumada v. NISH*, 756 F.3d 268 (4th Cir. 2014).

The Second Amended Complaint alleges, in relevant part:

> The Defendants had an agreement to violate the FCA: on or after the August 18, 2010 Contract, both Defendants agreed to present false claims to the government as described above, via their contractor-subcontractor relationship. Alternatively, the Contract itself was the agreement to violate the FCA, as it caused Defendants to carry out its scheme alleged above in submitting false claims.

> Defends conspired to commit a violation of 31 U.S.C. §§ 3729(a)(1)(A) and (B); Defendants, by or through its agents, officers, or employees, knowingly

> agreed, with the specific intent, to join into a conspiracy to defraud the United
> States Government by getting false or fraudulent claims allowed or paid.
>
> Defendants, by or through its agents, officers, subcontractors, or
> employees, committed overt acts in furtherance of such conspiracy: each of
> Defendants' acts alleged above in support of the other FCA causes of action was
> an act in furtherance of their agreement to violate the FCA.

(Dkt. No. 62 ¶ 75-77.)

Through these allegations, as well as those in the rest of the Second Amended Complaint and its sixteen supporting exhibits, Plaintiff-Relators allege that on or after August 18, 2010, Fencon and Carolina Wrecking knowingly agreed to present to the Government statements seeking payment and certifying statutory compliance with prevailing wage requirements, and did make such presentments, which were false, in order to bring about payment from the Government. These allegations are sufficient to plead a claim for conspiracy to defraud the Government. *See Allison Engine Co. v. United States ex rel. Sanders*, 553 U.S. 662, 672-73 (2008) (holding that a Plaintiff-Relator must show "that the conspirators had the purpose of 'getting' the false record or statement to bring about the Government's payment of a false or fraudulent claim"); *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 379 (4th Cir. 2008) (holding that to satisfy Rule 9(b), "an FCA plaintiff must, at a minimum, describe the time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby"); *United States v. Berkeley Heartlab, Inc.*, 225 F. Supp. 3d 487, 502 (D.S.C. 2016) (conspiracy sufficiently alleged where complaint specified the date of a specific agreement among defendants that caused false claims to be presented to the Government).

Fencon argues that these allegations are insufficient because the Court of Appeals for the Fourth Circuit held in *United States ex rel. Ahumada v. NISH*, 756 F.3d 268 (4th Cir. 2014) that Plaintiff-Relators must "identify *who* at Defendant Carolina Wrecking agreed with *who* at Fencon for *what* particular unlawful objective and *when* such an agreement was made." (Dkt. No. 64 at 6.) This argument misconstrues the *Ahumada* court's holding, which a review of that underlying complaint illuminates.

There, the complaint alleged, in relevant part, that "the Manufacturing Defendants" conspired with two other co-defendants "to defraud the Government" by "engag[ing] in a conspiracy to misrepresent to the United States the manner in which the containers and garments were being produced in connection with false claims for payment." (1:06-cv-00713-CMH-TCB, Dkt. No. 14 ¶¶ 118-122.) The district court found, and the *Ahumada* court affirmed, that these allegations failed to plead an FCA conspiracy to the Rule 9(b) standard *against Defendant Weyerhaeuser Co.*—one of the collectively-plead "Manufacturing Defendants" and a supplier to the defendants alleged to have made the false representations and presentments to the Government. *See Ahumada*, 756 F.3d at 281 ("[W]e conclude that Ahumada has filed to plead viable FCA claims against Weyerhaeuser."). Rather than requiring, as Fencon contends, that the complaint identify—before any discovery has been undertaken—which specific individual acting at a defendant corporation entered into an agreement with which specific individual at a co-defendant corporation, the *Ahumada* decision stands for the proposition that "undifferentiated allegations against [defendants] as a group" are insufficient under the Rule 9(b) analysis on a motion to dismiss and, on this complaint's remaining and sparse allegations as to Weyerhaeuser Co. individually, the allegations of conspiracy were insufficiently particular. *Id.* at 281 n.9; *see*

*also United States ex rel. Van Voris v. GenPhar., Inc.*, 2:09-CV-0005-RMG-KEW, 2016 WL 11257427, at *8 (D.S.C. Oct. 27, 2016) (finding that "specific allegations of actions taken (or not taken) by the 'GenPhar Defendants' is insufficient to satisfy the pleading requirements for FCA cases.").

The purpose of this heightened Rule 9(b) pleading standard is to "prevent frivolous suits" and "eliminate fraud actions in which all the facts are learned after discovery." *Takeda Pharm. N. Am., Inc.*, 707 F.2d at 456. The Court finds this principle is satisfied by the FCA conspiracy pleadings, here.

## B.    Fourth and Alternative Cause of Action for "QuantumMeruit/Unjust Enrichment"

In the Second Amended Complaint, Plaintiff-Relators again bring a fourth and alternative cause of action for "quantum meruit/unjust enrichment." A claim for unjust enrichment "may be maintained as a general rule whenever the defendant has money in his hands which belongs to the plaintiff, and which in equity and good conscience he ought to pay to the plaintiff." *Maisha v. Univ. of N.C.*, 641 Fed. Appx. 246, 251-52 (4th Cir. 2016) (internal quotation marks and citations omitted); *see also Provident Life & Acc. Ins. Co. v. Waller*, 906 F.2d 985, 993 (4th Cir. 1990) ("[T]hree elements encompass the equitable remedy of unjust enrichment and quasi-contract:  the plaintiff must show that (1) he had a reasonable expectation of payment, (2) the defendant should reasonably have expected to pay, *or* (3) society's reasonable expectations of person and property would be defeated by nonpayment.").

The Second Amended Complaint alleges in relevant part:

> Plaintiff conferred a benefit upon Defendants by providing payment on federal projects of at least $111,590.55 to Defendants.

Defendants realized and retained certain benefits from the funds Plaintiff has paid to Defendants.

Defendants have been unjustly enriched and the Plaintiff is therefore entitled to compensatory damages to be determined by a jury.

(Dkt. No. 62 ¶¶ 80-82.) Fencon is also, as in the First Amended Complaint, alleged to be the primary contractor (Dkt. No. 62 ¶ 25) in contract with the Government. These are the verbatim allegations of the First Amended Complaint that did not survive Fencon's previous motion to dismiss. An action in quantum meruit cannot be sustained where there is an express contract covering the issue of compensation, *Swanson v. Stratos*, 350 S.C. 116, 120 (S.C. App. Ct. 2002), and Plaintiff-Relators make offer no argument in opposition to Fencon's motion. Fencon's motion to dismiss the fourth and alternative cause of action is granted and the claim for "quantum meruit/unjust enrichment" is dismissed as to Fencon.

## IV.     Conclusion

For the foregoing reasons, Defendant Fencon, Inc.'s motion to dismiss (Dkt. No. 64) is **GRANTED IN PART** and **DENIED IN PART**. The Second Amended Complaint's third cause of action for conspiracy to defraud the United States is not dismissed as to Fencon, Inc. The fourth and alternative cause of action for "quantum meruit/unjust enrichment" is dismissed as to Fencon, Inc.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

April 22, 2019
Charleston, South Carolina

8